# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE ANTITRUST LITIGATION _____ | ) ) ) ) | MDL DOCKET NO: 3:03CV1516 ALL CASES |
| This Order also relates to: 3:03CV296 _____ | ) ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART ARTEVA'S MOTION FOR PROTECTIVE ORDER AND GRANTING AVONDALE'S MOTION TO COMPEL

**THIS MATTER** comes before the Court on Arteva Specialties S.a.r.l. d/b/a KoSa, now named INVISTA S.a.r.l. and Arteva Services, S.a.r.l. ("Arteva") Motion For Protective Order, filed May 17, 2005. (Document #284) A response was filed on behalf of the Individual or Non Class Plaintiffs on June 8, 2005. (Document #294) Arteva submitted its reply on June 22, 2005. (Document #303)

The Court also considers herein a related Motion To Compel, filed June 8, 2005, by Avondale Mills, Inc. ("Avondale"), seeking an order directing Arteva to either admit or deny requests for admission submitted to it by Avondale. (3:03CV296 / Document #36)

### I. Arteva's Motion For Protective Order Seeking Clarification Regarding Non Class Plaintiffs And Requests For Admission

Pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 26(c), Arteva seeks an Order directing Non-Class Plaintiffs ("NCPs") to coordinate or limit their requests for admissions. At present, there are fourteen (14) different individual plaintiffs that have elected to maintain their own action notwithstanding eligibility to join the Direct Purchaser Class. In an attempt to coordinate

1

discovery efforts, the NCPs have propounded 82 requests for admission to Arteva.[1]

The June 16, 2003 Pretrial Case Management & Scheduling Order issued by this Court imposed certain limitations on discovery:

> Each party may propound no more than forty (40) interrogatories to any other party, including discrete subparts, and no more than 40 requests for admission to any other party. Plaintiffs (non-class and class) and Defendants will be limited to an aggregate maximum of seventy-five (75) depositions of non-expert witnesses.

(Document #34 / See pages 5-6, Subsection "D")  The language is plain that each individual party may propound up to forty (40) requests for admission.  In fact, Arteva recognizes that, unlike Class Plaintiffs, the NCPs are not required to conduct discovery as a group and, therefore, are not required to submit their forty (40) requests for admission collectively. (Arteva's Mem. In Supp., at 2.)  The question presented by Arteva's motion is rather how the Court's limitation on requests for admission is to be applied with respect to NCPs given recent efforts to coordinate discovery amongst the NCP group.  Specifically, Arteva objects to the use of responses in an individual action where the plaintiff did not actually propound the specific request (or the sharing of Arteva's admissions and denials by the Non Class Plaintiffs). The Case Management and Scheduling Order does not address the sharing of responses amongst NCPs.  Nor does the Case Management Order expressly state that NCPs must coordinate their discovery efforts. In this context, however,

---

[1] As of the filing of Arteva's motion, Non Class Plaintiffs had served the following number of requests for admission on Arteva: Avondale Mills (17); WestPoint Stevens (11); Dan River, Inc. (21); CMI Industires, Inc. (11); Parkdale Mills, Inc. (12); Carolina Mills, Inc. (10); and American Fiber & Finishing (11).  The number of pending requests for admission has decreased to 82 total because Arteva settled the claims against it asserted by WestPoint Stevens, rendering Arteva's motion with respect to WestPoint Stevens moot.  (Arteva's Reply, at 1 n.1)

coordination of pretrial proceedings is expected of all of the parties to the extent coordination is possible.

Generally, requests for admission are used "to define and limit the matters in controversy between the parties." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures, §2252 (2d ed. 2005). "Requests for admission expedite the trial and relieve the parties of the cost of proving facts that will not be disputed, the truth of which is known to the parties or can be ascertained by reasonable inquiry." Id. Rule 36(b) of the Federal Rules of Civil Procedure states:

> "Any admission made by a party under this rule is for the purpose of **the pending action only** and is not an admission for any other purpose nor may it be used against the party in any other proceeding."

FED. R. CIV. P. 36(b)(*emphasis added*). The Manual For Complex Litigation discusses requests for admission as well:

> [L]ike interrogatories, Rule 36 admissions are usable only against the party who made them **and only in the action in which they were made**. In multiparty litigation, therefore, requests may have to be directed to each party in each related action. Rule 36 requests answered by a party in prior or related litigation should be renewed; a straightforward new request that asks the party to admit each matter previously admitted should suffice.

MANUEL FOR COMPLEX LITIGATION (FOURTH) §11.472 (2005)(*emphasis added*).

Non Class Plaintiffs suggest that for purposes of this litigation, "the action" or "pending action" refers to these consolidated pretrial proceedings as a whole. Arteva contends that NCPs' interpretation of the Court's Pretrial Case Management & Scheduling Order would result in an advantage to Non Class Plaintiffs not available to the other parties. In other words, if NCPs intend to act like a class, they should be subject to similar limits on discovery.

Unfortunately, neither Rule 36 nor the Manual specify how these general principles apply in the context of multi-district litigation consolidated for pretrial proceedings pursuant to 28 U.S.C. §1407. "The objective of transfer [pursuant to 28 U.S.C. §1407] is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUEL FOR COMPLEX LITIGATION (FOURTH) §20.131. Therefore, the sharing of information amongst any of the parties for purposes of streamlining these consolidated pretrial proceedings is encouraged. In the context of an alleged price fixing and customer allocation conspiracy, it is also counter productive to limit NCPs from inquiring about other PSF purchasers or other topics that Defendants contend are beyond the scope of discovery for any particular individual Plaintiff.

For this reason, the Court hereby amends the Pretrial Case Management & Scheduling Order to include the following language pertaining to interrogatories and requests for admission:[2]

> *With respect to interrogatories and requests for admission, Non Class Plaintiffs must elect to either: 1) limit interrogatories and requests for admission to a total of 40 per NCP, understanding that interrogatories or admissions submitted by any other NCP may not be used by another party that did not propound the request; or 2) submit a total of 50 interrogatories or requests for admission, coordinated and agreed upon by all of the NCPs, for the benefit of each NCP no matter which party actually propounded the discovery request.*
>
> *If the second option is agreed upon by all NCPs, and a coordinated effort is made as to either method of discovery, any interrogatories or requests for admission already served on a Defendant may be included within the*

---

[2] Although the use of interrogatories by NCPs has not been raised by any party other than Arteva, the Court will apply the same rationale and limitation to interrogatories as it does here with requests for admission.

*aggregate total by indicating as much in writing.*

**II. Arteva's Motion For Protective Order Requiring Avondale To Modify Certain Requests For Admission & Avondale's Related Motion To Compel**

On February 18, 2005, Avondale submitted seventeen (17) requests for admission to Arteva. According to Avondale, its purpose in propounding the requests for admission is to discover the following information: 1) the extent to which Arteva will adopt or disavow Troy Stanley's testimony at the Dutton trial (*United States v. Dutton / 3:02CR220-V (WDNC)*); and 2) whether Arteva has produced all documents in its possession, custody, or control related to certain events.

Arteva filed its response on March 21, 2005, objecting to all 17 requests for admission on varying bases. In addition to the issues already addressed, Arteva objected on the following grounds: 1) that Avondale can obtain the same information via deposition(s); 2) that the terms within the requests for admission are vague and ambiguous; 3) the information sought is publicly available; and 4) Avondale seeks information that relates to other purchasers. The Court briefly addresses each of Arteva's objections.

As an initial matter, absent any blatant inefficiency, Plaintiff Avondale may engage in discovery as its counsel sees fit as long as those discovery methods are consistent with the Federal Rules of Civil Procedure. Wright, Miller & Marcus, Federal Practice and Procedure §2046 (2d ed. 1994) (noting that various discovery devices "may be utilized independently, simultaneously, or progressively, so long as the requirements of the rule or rules invoked are met.") In addition, the fact that information may be publicly available does not render it immune to the discovery process or preclude Avondale from seeking an

5

admission on a particular matter. Arteva's objections on these grounds are summarily overruled.

With respect to requests for admission that are allegedly vague or ambiguous, the Manual For Complex Litigation provides this guidance:

> Because parties often deny a requested admission on the basis of a trivial disagreement with a statement or without indicating the portions of the stated fact that are true, the court can urge the parties to observe their obligation under the rule to respond in good faith and point out the availability of sanctions for failure to do so.

MANUEL FOR COMPLEX LITIGATION (FOURTH) §11.47. Indeed, thus far, Defendant Arteva has not observed its obligation under the federal rules to respond in good faith. Arteva's blanket objections to discovery requests evidence this fact.[3]

As for Avondale's requests for admission relating to Troy Stanley's trial testimony (Requests ##1,4,6,8,10,12,14 and 16), the Court agrees with Defendant that to the extent Avondale seeks to learn whether Arteva admits or denies the facts Troy Stanley testified about, the better practice would be for Avondale to refer to Mr. Stanley's *actual* testimony and relevant portions of the trial transcript given its availability. By including actual testimony and cites to the trial transcript within its requests for admission, Avondale should effectively preclude Arteva from objecting tot he exact language and manner in which the request has been propounded.

With respect to this second category of requests for admission, Avondale represents that it is willing to modify its request to have Defendant Arteva limit its response to its search for documents in the files of certain individual employees consistent with the parties'

---

[3] Arteva has also objected to the nine (9) interrogatories propounded by CMI Industries, Inc., on some of the same grounds as advanced here.

previous negotiations. While not necessarily improper, it appears that the requests for admission that pertain to document production are unnecessary given the parties' continuing obligation to supplement discovery and certify their efforts consistent with the federal rules. Even so, these requests (Requests ##2,3,5,7,9,11,13,15 and 17) are not unduly burdensome. Should Non Class Plaintiffs choose to coordinate their efforts in seeking admissions from Arteva, they will have to weigh the advantages and disadvantages of using their requests for admission to verify that Arteva has conducted adequate and thorough searches in response to document production requests and responded to the best of its ability.

**IT IS HEREBY ORDERED THAT:**

1) Avondale's Motion To Compel Arteva To Admit Or Deny Each Request For Admission, *as certain of those requests for admission are modified consistent with the terms of this Order, is* hereby **GRANTED**;

2) **Within ten (10) days of receipt of any modified Requests For Admission from Avondale or the NCPs,** Arteva shall comply with the terms of this Order by admitting or denying each request for admission posed to it by Avondale; and

3) Arteva's Motion For Protective Order is **GRANTED in part** and **DENIED in part**. Arteva's motion is <u>granted</u> to the extent it sought more direct and discrete requests for admission regarding Troy Stanley's trial testimony. Arteva's motion is likewise <u>granted</u> to the extent it objected to Avondale's requests for admission related to document production that went beyond the parties' earlier agreement. Arteva's motion is <u>denied</u> with respect to all other issues; and

4) The Court's Pretrial Case Management & Scheduling Order (Document #34) is

**AMENDED** to include the following language at the end of Subsection "D":

*With respect to interrogatories and requests for admission, Non Class Plaintiffs must elect to either: 1) limit interrogatories and requests for admission to a total of 40 per NCP, understanding that interrogatories or admissions submitted by any other NCP may not be used by another party that did not propound the request; or 2) submit a total of 50 interrogatories or requests for admission, coordinated and agreed upon by all of the NCPs, for the benefit of each NCP no matter which party actually propounded the discovery request.*

*If the second option is agreed upon by all NCPs, and a coordinated effort is made as to either method of discovery, any interrogatories or requests for admission already served on a Defendant may be included within the aggregate total by indicating as much in writing.*

**SO ORDERED.**

**Signed: September 7, 2005**

Richard L. Voorhees
United States District Judge