| | | |
|---|---|---|
| **IN RE POLYESTER STAPLE** | ) | |
| **ANTITRUST LITIGATION** | ) | **MDL DOCKET NO: 3:03CV1516** |
| _____ ) | | **ALL CASES** |
| | | |
| **This Order also relates to:** | ) | |
| **3:03CV296** | ) | |
| _____ ) | | |

  **THIS MATTER** is before the Court on its own motion in response to a question raised on behalf of the Non Class Plaintiffs ("NCPs") during the Status Conference of September 8, 2005.[1]

  In its September 7, 2005 Order, which granted Arteva's Motion For Protective Order in part, the Court amended the Pretrial Case Management & Scheduling Order to provide the NCPs with more than one option for proceeding with certain forms of discovery consistent with the Court's ruling. The Court provided the NCPs with some flexibility given the current posture of the case.

  It was the Court's intent to limit NCPs' ability to share information gleaned from each other under the then-existing limitations on discovery or allow NCPs to continue to share responses amongst the NCP group, contingent upon the NCP Group being subject to an aggregate total. While Arteva's motion only sought limits regarding requests for admission, the Court provided NCPs with the same option for interrogatories based on the same reasoning. The following language supersedes the Court's September 7, 2005 Order:

---

[1] Non Class Plaintiffs' question relates to Document #46 within Individual Action No.: 3:03CV296-V. However, this issue affects all of the Non Class Plaintiffs.

*With respect to interrogatories and requests for admission, Non Class Plaintiffs must elect to either: 1) abide by the limits originally provided for in Section "III, D" of the Pretrial Case Management & Scheduling Order - up to twenty-five (25) interrogatories and forty (40) requests for admission per NCP, understanding that interrogatories or admissions submitted by any other NCP may not be used by another party that did not propound the request; or 2) abide by the new limit stated herein - whereby all NCPs may submit up to an aggregate total of 50 interrogatories and 50 requests for admission - which contemplates that the NCPs will coordinate their discovery requests amongst the NCP group for the benefit of the entire NCP group no matter which party actually propounded the discovery request.*

*If the second option is agreed upon by all NCPs, and a coordinated effort is made as to either method of discovery, any interrogatories or requests for admission already served on a Defendant may be included within the aggregate total by indicating as much in writing.*

**IT IS HEREBY ORDERED THAT:**

1) The Court's September 7, 2005 Order Granting In Part and Denying In Part

Arteva's Motion For Protective Order and Granting Avondale's Motion To Compel

is **AMENDED** to include the italicized language above;

2) The Court's Pretrial Case Management & Scheduling Order is likewise

**AMENDED** accordingly;

3) The instruction and language within this Order **SUPERSEDES** the Court's

direction within its September 7, 2005 Order (Document #46 / 3:03CV296); and

4) The Deputy Clerk shall ensure that all parties receive notice of this Order via

mail or electronic means even though the Practice & Procedures Order only

requires that parties in the individual action be notified of the Court's ruling.

**Signed: September 14, 2005**

Richard L. Voorhees
United States District Judge